UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY BLACKMON as next of
friend of Z.O. and Z.I.,

        Plaintiff,

                                    Civil Case No. 22-10364

v.                                Honorable Linda V. Parker

LENAWEE COUNTY HEALTH
DEPARTMENT, et. al

        Defendants.

_____/

## OPINION AND ORDER: (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 5, 7); (2) DENYING DEFENDANTS' MOTION TO PROVIDE NOTICE (ECF NO. 8); AND (3) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE (ECF NO. 12)

This lawsuit arises during the COVID-19 pandemic from student quarantines during the 2021 and 2022 school years. Students were required to temporarily quarantine if exposed to someone with COVID-19 as a "close contact" under emergency orders from the Lenawee County Health Department ("Lenawee") at Blissfield Community Schools ("Blissfield"). Plaintiff Kimberly Blackmon, on behalf of her minor children Z.I. and Z.O., alleges that her children's constitutional rights were violated when they were temporarily excluded from in-person learning by Defendants: (1) Lenawee; (2) Martha Hall, the Lenawee Health Officer; (3) Blissfield; and (4) Scott Riley, the Blissfield Superintendent. (ECF No. 1-2.) This

matter was removed from state court on February 18, 2022, pursuant to 28 U.S.C §§ 1441(a) and 1446(b).

In the Complaint, Plaintiff alleges violations of the Fourteenth Amendment rights to procedural due process (Count VII) and Equal Protection (Count VIII). (*Id.*, Pg ID 34-37.)  Plaintiff has also pleaded several state law claims (Counts I-VI) that assert violations of Michigan law by Lenawee and Hall.[1]  (*Id.*, Pg ID 25-34.)  Plaintiff seeks damages as well as declaratory and injunctive relief.  (*Id.*, Pg ID 38.)

The matter is presently before the Court on Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), filed February 25, 2022.  (ECF Nos. 5, 7.)  The motions are fully briefed.  (ECF Nos. 11, 13, 14.)  However, Defendants Lenawee and Hall ask the Court to strike Plaintiff's untimely response brief.[2]  (ECF No. 12.)  Lastly, Lenawee and Hall filed a motion to join the Michigan Attorney General as a party in this case based on Federal Rules of Civil Procedure 5.1, 19, and 20.  (ECF No. 8.)  In the motion, Lenawee and Hall contend

---

[1] To the extent the Court can discern, Plaintiff alleges the following state law claims: (1) violation of M.C.L. § 333.2453 (Count I); (2) violation of Mich. Admin Code R. 325.175(4) (Count II); (3) "Lenawee has no authority to impose quarantine protocol" (Count III); (4) failure to comply with M.C.L. § 333.5203 rendering procedure void *ab initio* (Count IV); (5) Hall's Orders violate the Separation of Powers (Count V); and (6) statutory language of MCL 333.2453 is an unconstitutional delegation of authority (Count VI).  (Compl., ECF No. 1-2)

[2] Blissfield and Hall join the motion in support.  (ECF No. 13 at Pg ID 381 n.1.)

2

that the Michigan Attorney General should be granted an opportunity to respond to Plaintiff's arguments challenging the constitutionality of Michigan laws before the Court decides on these issues. Plaintiff did not file a response to either of Lenawee and Hall's additional motions.

While the Court is troubled by the untimely filings by Plaintiff's counsel, it concludes that Defendants will not be prejudiced if Plaintiff's untimely response is considered. As such, the Court declines to strike Plaintiff's response brief, and it denies Lenawee and Hall's motion (ECF No. 12). Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

The Court concludes, for the reasons below, that the motions to dismiss are granted. Therefore, the Court also concludes that the Defendants' motion to provide notice pursuant to Federal Rule of Civil Procedure 5.1 (ECF No. 8) is moot.

## I. Standard of Review

Defendants seek dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. As to Rule 12(b)(1), Defendants argue that Plaintiff's claims are barred by the doctrines of mootness and standing which are questions of subject matter jurisdiction. *See Forest City Residential Mgmt., Inc. ex rel. Plymouth Square Ltd. Dividend Hous. Ass'n v. Beasley*, 71 F.

Supp. 3d 715, 722–23 (E.D. Mich. 2014) (citing *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008)).  Defendants' remaining arguments fall under Rule 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption is not applicable to legal conclusions, however.  *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing Twombly, 550 U.S. at 555).

## II.  Factual and Procedural Background

Z.I. and Z.O. were students at Blissfield when Plaintiff filed the Complaint. (Compl. ¶¶ 1, 2, ECF No. 1-2 at Pg ID 11.)  Blissfield is a public school in Lenawee County.  (*Id*., ¶ 6, Pg ID 12.)  As such, Blissfield is subject to the public health orders from Lenawee and Hall.

On May 11, 2021, Hall, on behalf of Lenawee, issued a Public Health Order which provided for quarantine in public settings pursuant to Mich. Comp. Laws § 333.2451 and 333.2453 and Mich. Admin. Code. R. 325.175(4) which "was promulgated by the Michigan Department of Health and Human Services pursuant to Mich. Comp. Laws § 333.2226(d)."[3]  (*Id*. ¶ 12, Pg ID 12; Ex. 1, ECF No. 1-2 at Pg ID 40-42.)  This order was rescinded on August 17, 2021, and since then "no further emergency order has been enacted by [Lenawee]."  (Compl. ¶ 13, ECF No. 1-2 at Pg ID 12; Ex. 2, ECF No. 1-2 at Pg ID 43.)

However, Lenawee continued mandating quarantine requirements.  (*Id*. ¶ 15, Pg ID 13.)  Blissfield sent student contact tracing lists to Lenawee.  (*Id*. ¶ 16, Pg ID

---

[3]     The department may: (d) Exercise authority and promulgate rules to safeguard properly the public health; to prevent the spread of diseases and the existence of sources of contamination; and to implement and carry out the powers and duties vested by law in the department.

M.C.L. § 333.2226

(4) When a local health officer confirms or reasonably suspects that a student or individual attending school or a group program has a communicable disease, the health officer may, as a disease control measure, exclude from attendance any individuals lacking documentation of immunity or otherwise considered susceptible to the disease until such time as the health officer deems there to be no likely further risk of disease spread.

Mich. Admin. Code. R. 325.175(4)

13.)  In return, Hall would send Blissfield quarantine lists.  (*Id.*.)  As a result of this contact tracing measure, Blissfield required Z.O. to quarantine from October 15 to October 25, 2021, and again from November 23 to December 4, 2021.  (*Id.* ¶ 17, Pg ID 13.)  Blissfield required Z.I. to quarantine from October 26 to November 26, 2021, and again on January 10 until January 17, 2022.  (*Id.* ¶¶ 34, 35, Pg ID 16-17.)

Z.I. has an Individualized Education Program ("IEP"), which "render[ed] school absences and being forced into quarantine especially difficult for her."  (*Id.* ¶ 33, Pg ID 16-17.)  Z.O. and Z.I. "never received the opportunity to challenge the quarantine, have a hearing, [or] appeal . . . ."  (*Id.* ¶ 36, Pg ID 17.)

Plaintiff also filed a motion for a temporary restraining order, which was denied by the Lenawee County Circuit Court in Michigan on January 24, 2022, based on the Plaintiff's failure to establish the existence of an "immediate and irreparable injury."  (*See* ECF No. 1-4 at Pg ID 75.)  Plaintiff specifically requested a temporary restraining order (1) prohibiting the children from being quarantined unless they test positive for COVID-19, and (2) declaring "[Mich. Comp. Laws] 333.2453 is an unconstitutional delegation of powers and shall not be enforced." (ECF No. 1-3 Pg ID 71.)

### III.   Applicable Law & Analysis

As an initial matter, Plaintiff's failure to address any claim but her state law claims and the Equal Protection claims in response to Defendants' motions to dismiss is cause for dismissing the procedural due process claim. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his [or her] failure to oppose defendants' motions to dismiss, the arguments have been waived."). As such, Plaintiff waives her right to appeal on these issues. However, even if Plaintiff is not deemed to have abandoned her remaining procedural due process claim, the Court finds that she fails to state a claim against Defendants upon which relief may be granted.

### A.   Defendants' Motions to Dismiss

Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (ECF Nos. 5, 7.) Regarding justiciability, Defendants argue that Plaintiff lacks standing, and that the lawsuit should be dismissed as moot because the quarantine protocols have changed. (ECF No. 5 at Pg ID 102-03.) Blissfield and Riley argue that Riley is entitled to qualified immunity as there is not a clearly established right to attend school in-person. (ECF No. 7 at Pg ID 202-03.)

Regarding the merits of the constitutional claims, Defendants assert that Plaintiff's federal claims should be assessed under rational basis review. (ECF No.

5 at Pg ID 104-06.)  Plaintiff pleads in the Complaint and concedes in her response to the motions to dismiss that the Equal Protection claim is subject to rational basis review.  (*See* Compl. ¶¶ 123, 124, 125, ECF No. 1-2 at Pg ID 35-36; ECF No. 11 at Pg ID 346-48.)  As such, the Court will apply this level of scrutiny, and the burden is on Plaintiff to show the law is not rationally related to a legitimate government purpose.  As stated, Plaintiff does not address Defendants' arguments for dismissal on the procedural due process claim.  Lenawee and Hall argue that Plaintiff's due process claim fails because Plaintiff "cannot show a protected liberty or any wrongful interference by Defendants."  (ECF No. 5 at Pg ID 108.) Blissfield and Riley concur that Plaintiff fails to articulate any recognized property right or liberty interest but also argue that the exclusion amounts to a summary administrative action.  (ECF No. 7 at Pg ID 206-13.)

Finally, Defendants argue for dismissal of the remaining state law claims or for the Court to decline to exercise supplemental jurisdiction.  Lenawee and Hall assert that Plaintiff's state law claims should fail.  (ECF No. 5 at Pg ID 112-15.) Blissfield and Riley argue that they are immune from liability pursuant to Mich. Comp. Laws § 691.1455.  (ECF No. 7 at Pg ID 218.)

**B.**     **Justiciability**

**a. Mootness**

Lenawee and Hall argue that the lawsuit should be dismissed as moot because the quarantine policy for students expired prior to Plaintiff filing the lawsuit and there are no enforcement actions forthcoming.  (ECF No. 5 at Pg ID 102-03.)  Blissfield and Riley concur that Plaintiff's claims are moot because Lenawee updated its protocols and guidance for temporary exclusions.  (ECF No. 7 at Pg ID 199-202.)  Defendants argue that because there is not a reasonable likelihood of recurrence Plaintiff's claims are now moot.  In response, Plaintiff argues that the exceptions to mootness apply.  (ECF No. 11 at Pg ID 335-37.)

Article III of the Constitution "confines the power of the federal courts to adjudication of 'cases' or 'controversies,'" thus, the "mootness doctrine ... demands a live case-or-controversy when a federal court decides a case." *Ky. Right to Life v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997) (citations omitted).  "The first exception is that a defendant's 'voluntary cessation' of challenged conduct moots a case only if there clearly is 'no reasonable expectation that the alleged violation will recur.' *Resurrection Sch. v. Hertel*, 35 F.4th 524, 528 (6th Cir. 2022) (en banc).  Secondly, "[t]he Supreme Court has carved out a mootness exception for issues 'capable of repetition, yet evading review.'" *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004) (citing *Southern Pac. Terminal Co. v.*

*ICC,* 219 U.S. 498, 515 (1911).  This exception applies where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again."  *Id*. (citing *Weinstein v. Bradford,* 423 U.S. 147, 148 (1975)).

Plaintiff acknowledges that Lenawee and Hall "have publicly indicated they no longer plan on requiring students quarantine under their guidelines" but argues that it cannot "drop the matter and just take their word for it."  (ECF No. 11 at Pg ID 336.)  Lenawee and Hall also state that they are "moving toward a recommendation-only policy based on updated [Center for Disease Control] and [Michigan Department of Health and Human Services] guidelines."  (ECF No. 5 at Pg ID 103.)

In *Resurrection School*, the Sixth Circuit held that a claim seeking prospective relief was "palpably" moot after the challenged mask mandate was rescinded with "no reasonable possibility" that a new mandate with the same exceptions would issue.  35 F.4th at 530.  The court explained:

> In April 2020, Michigan Governor Gretchen Whitmer imposed a statewide mask mandate in response to the COVID-19 pandemic.  In September 2020, she extended the mandate to require children in elementary schools to wear masks in the classroom.  R.1-4.  On October 2, 2020, the Michigan Supreme Court held that both of the Governor's orders violated the Michigan Constitution, on the ground that they represented the

10

'exercise of the legislative power by the executive branch.'

*Id*. at 527 (quoting *In re Certified Questions*, 958 N.W.2d 1, 24, 31 n.25 (Mich. 2020).)  However, later, the Michigan Department of Health imposed its own mandates requiring mask wearing and plaintiff sued the Department alleging constitutional violations.  *Id*. at 528.  The Sixth Circuit granted a dismissal of the claims noting the following:

> By the spring of 2021, however, the relevant public-health conditions had changed.  By then the U.S. Food and Drug Administration had authorized three COVID-19 vaccines; better therapeutics had become available; and case counts, hospitalizations, and deaths had fallen in Michigan.  The Department cited these developments—along with the 'warmer weather'—and rescinded the mask mandate (and various other pandemic-related orders) on June 17, 2021.

*Id*.  The court held that both exceptions to mootness were inapposite to plaintiff's claims.

Regarding voluntary cessation, *Resurrection School* held that there was no reasonable expectation or possibility that the alleged violation would recur, and that the claim was therefore moot.  *Id.* at 528-30.  The court noted that the timing of the mandate's rescission was relevant and did not raise suspicion that it was in response to this lawsuit.  *Id*. at 529 (citing *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 769 (6th Cir. 2019)).  The Court also noted that the rescission occurred along with rescission of several other pandemic-related orders and that defendants' own political accountability diminished the chance that the mandate would be

11

reimposed.  *Id*.  Similarly, here, the Court finds Defendants' voluntary cessation to
be genuine and not likely to recur.

Regarding the "capable of repetition yet evading review" exception,
*Resurrection School* stated "[h]ere, the challenged mandate was a product of the
pandemic's early stages, and the plaintiffs' objections to it are grounded in the
mandate's particulars.  We are unlikely to see this mandate in a similar form
again."  *Id*. at 530 (citing *Thompson v. DeWine*, 7 F.4th 521, 526 (6th Cir. 2021));
*see also Bormuth v. Whitmer*, 548 F. Supp. 3d 640, 650 (E.D. Mich. 2021) (finding
moot the subject of the plaintiff's pleading since it had been rescinded by order, as
well as his related prayers for declaratory and injunctive relief, including the
request to bar future such provisions.)  A similar case in the Ninth Circuit held that
there was no "reasonable expectation" that California would close the school
explaining:

> The challenged orders have long since been rescinded, the State
> is committed to keeping schools open, and the trajectory of the
> pandemic has been altered by the introduction of vaccines,
> including for children, medical evidence of the effect of
> vaccines, and expanded treatment options.  The parents'
> argument that the pandemic *may* worsen and that the State *may*
> impose further restrictions is speculative.

*Brach v. Newsom*, 38 F.4th 6, 15 (9th Cir. 2022).  Similarly, here, the Court finds
that the quarantine orders have been rescinded and are something that we are
unlikely to see in a similar form.  Further, Plaintiff's request for injunctive relief is

prospective and speculative only as there is nothing to suggest that the protocols will be re-imposed.  As such, the claims seeking prospective relief are moot.

### b. Standing

Defendants challenge standing for different reasons.  Lenawee and Hall contend that Plaintiff lacks standing because "there is no fundamental right to education, let alone one linked to in-person classroom instruction. . . ."  (ECF No. 5 at Pg ID 101 (citations omitted).)  Blissfield and Riley argue that Plaintiff lacks standing because the injury is not traceable to them since Lenawee and Hall issued the orders.  (ECF No. 7 at pg ID 203-06.)  Plaintiff responds that "the causal connection between the injury and the conduct complained of is clear, [] Hall issued the Quarantine Orders, and [Blissfield] was eager to *apply*, resulting in removal of healthy children from school."  (ECF No. 11 at Pg ID 335 (emphasis added).)  However, even if the Court finds that the conduct was fairly traceable to Blissfield and Riley, the Court does not find that Plaintiff satisfies the other elements of standing.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014) (quoting *Lewis v. Cont'l Bank Corp*., 494 U.S. 472, 477 (1990)).  "Courts have explained the 'case or controversy' requirement through a series of 'justiciability doctrines,' including, 'perhaps the most important,' that a

litigant must have 'standing' to invoke the jurisdiction of the federal courts."
*Parsons v. United States Dep't of Justice*, 801 F.3d 701, 709-10 (6th Cir. 2015)
(quoting *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997)).

To establish standing, a plaintiff must show that: (1) he has suffered an
injury in fact that is "concrete and particularized" and "actual or imminent"; (2) the
injury is "fairly ... trace[able] to the challenged action of the defendant"; and (3) it
is "likely, as opposed to merely speculative, that the injury will be redressed by a
favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)
(internal citations and quotation marks omitted). "The party invoking federal
jurisdiction bears the burden of establishing these elements." *Id.* at 561.

Plaintiff argues that in the students being subject to quarantine restrictions,
she was deprived of the Constitutional right to "the care, custody, and control of
their children" recognized under the [Fourteenth] Amendment's Due Process
Clause." (ECF No. 11 at Pg ID 335 (quoting *Troxel v. Granville*, 530 U.S. 57, at
65-6 (2000).) However, the Sixth Circuit citing *Troxel* clarified this right in
rejecting a constitutional challenge to a school dress code, stating:

> The critical point is this: While parents may have a fundamental
> right to decide *whether* to send their child to a public school,
> they do not have a fundamental right generally to direct *how* a
> public school teaches their child. Whether it is the school
> curriculum, the hours of the school day, school discipline, the
> timing and content of examinations, the individuals hired to
> teach at the school, the extracurricular activities offered at the
> school or, as here, a dress code, these issues of public education

14

> are generally 'committed to the control of state and local
> authorities.'

*Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 395–96 (6th Cir. 2005)

(emphasis in original) (quoting *Goss v. Lopez,* 419 U.S. 565, 578, (1975)).

Plaintiff has not identified "an invasion of a legally-protected interest which

is (a) concrete and particularized; and (b) actual or imminent, not conjectural or

hypothetical." *Lujan*, 504 U.S. at 560-61.  As such, Plaintiff has not alleged an

injury in fact and lacks standing to bring her claims.

### c.  Qualified Immunity

According to the doctrine of qualified immunity, "government officials

performing discretionary functions generally are shielded from liability for civil

damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known."  *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231

(2009).  "Public officials thus are eligible for qualified immunity if (1) they did not

violate any constitutional guarantees[;] or (2) the guarantee, even if violated, was

not 'clearly established' at the time of the alleged misconduct."  *Citizens in*

*Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016) (citing P*earson*, 555

U.S. at 232). "Both inquiries are 'objective,' as they turn on what the law is today

and whether it was clearly established at the time of the challenged action."
*Husted*, 810 F.3d at 440 (citing *Harlow*, 457 U.S. at 818-19).

Blissfield and Riley argue that the Superintendent is entitled to qualified immunity because there is no recognized constitutional right to attend school in-person while potentially contagious with COVID-19. Plaintiff does not respond to the qualified immunity argument. A district court in the Sixth Circuit held "[w]hile there is a right to access public education, federal and state courts have held that there is no constitutional right to public education where COVID-19 health measures place conditions on in-person learning for the safety of others." *Lewandowski on behalf of T.L. v. Southgate Cmty. Sch. Bd. of Educ.*, 2022 WL 125536, at *3 (E.D. Mich. Jan. 12, 2022). Because Riley's alleged conduct did not violate clearly established statutory or constitutional rights, he is entitled to qualified immunity.

## C.     Merits

The Court finds that Plaintiff's claims requesting prospective relief are moot, that Plaintiff lacks standing for failure to allege an injury-in-fact, and that Riley is entitled to qualified immunity. As such, Plaintiff's complaint could be dismissed

on these bases alone.  However, the Court elects to address Plaintiff's

constitutional claims on the merits.

### a. Constitutional Claims

Defendants argues that Plaintiff fails to a state a claim for relief under the

Fourteenth Amendment's Procedural Due Process or Equal Protection Clauses.

Regarding the merits of the constitutional claims, Lenawee and Hall first assert that

Plaintiff's federal claims should be assessed under rational basis review.  (ECF No.

5 at Pg ID 104-06.)  Plaintiff pleads in the Complaint and concedes in her response

to the motions to dismiss that the Equal Protection claim is subject to rational basis

review.  (*See* Compl. ¶¶ 123, 124, 125, ECF No. 1-2 at Pg ID 35-36; ECF No. 11

at Pg ID 346-48.)

Lenawee and Hall argue that Plaintiff's equal protection claim fails on the

merits because there is nothing facially violative about quarantining and nothing to

suggest that Defendants discriminated or acted with animus toward them or any

other students.  (ECF No. 5 at Pg ID 109-12.)  Further, Lenawee and Hall assert

that there is a rational basis for the practice.  Blissfield and Riley concur and state

that efforts to slow the spread of COVID-19 are rationally related to a legitimate

governmental purpose.  (ECF No. 7 at Pg ID 217-18.)

The Equal Protection Clause of the Fourteenth Amendment provides that a

state shall not "deny to any person within its jurisdiction the equal protection of the

laws." U.S. Const. amend. XIV, § 1.  Accordingly, the Equal Protection Clause prohibits states from "making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).)  Plaintiff acknowledges that "education is not a fundamental right" and the proper review standard is whether the Health Department's requirements meet the rational basis test.  (ECF No. 11 at Pg ID 347.)

However, quite confusingly, Plaintiff argues that her Equal Protection claim is premised on disparate treatment based on vaccination status.  (*See* ECF No. 11 at Pg ID 347-49.)  Further, the Court notes that in the complaint, Plaintiff alleges under her Equal Protection claim that "[u]nvaccinated children are identical in all relevant respects to students who are 'fully vaccinated.'" and that "[v]accinated students are capable of transmitting COVID-19 too, yet they are not subject to the same 'close contact' protocols."  (Compl. ¶ 127, ECF No 1-2 at Pg ID 36.)  Vaccination status is not a protected class.  *See Norris v. Stanley*, 567 F. Supp. 3d 818, 821 (W.D. Mich. 2021), *appeal dismissed*, 2021 WL 6803021 (6th Cir. Nov. 24, 2021) (holding that rational basis applied to a vaccine mandate policy where there is no fundamental right to decline a vaccination or suspect class alleged.)

Accordingly rational-basis review applies.  *See Ondo v. City of Cleveland*, 795

F.3d 597, 608 (6th Cir. 2015).

If a plaintiff cannot show infringement of a fundamental right or that they

belong to a suspect class, they can rely on a 'class of one' theory and allege that a

defendant treated them differently without a rational basis.  "A 'class of one'

plaintiff may demonstrate that government action lacks a rational basis either by

negativing every conceivable basis which might support the government action, or

by showing that the challenged action was motivated by animus or ill-will."

*TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty., Ohio*, 430 F.3d 783, 788 (6th

Cir. 2005) citing *Warren v. City of Athens, Ohio,* 411 F.3d 697, 710–11 (6th Cir.

2005).  Plaintiff argues that "[e]ven under a deferential state of review, there is no

reasonable state of facts that can justify the differential treatment between

vaccinated and unvaccinated students here."  (ECF No. 11 Pg ID 349.)  However,

the Court disagrees.  Defendants only burden to support its practice of contact

tracing and quarantines was to articulate how it relates to a legitimate state interest.

*See Blau*, 401 F.3d at 393 (citing *Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir.

2000) (Government's actions which do not infringe on a fundamental right,

including a school dress code, requires only rational relation to a legitimate state

interest).  Further, a court in this district found "that [d]efendants have a rational

basis for the mask policy that satisfies a legitimate state interest."  *Lewandowski*,

2022 WL 125536, at *3.  The court also explained that "[i]t is well-established law that actions aimed at protecting public health and welfare are only to be invalidated if they lack 'real or substantial relation' to the protection."  *Id*. citing *Jacobson v. Massachusetts*, 197 U.S. 11, 31 (1905).; *McArthur v. Brabrand*, 2022 WL 2528263, at *9 (E.D. Va. July 7, 2022) (dismissing equal protection claim "[b]ecause defendants' quarantine policy survives rational basis review).  Here the Court finds that Defendants had a legitimate state interest.

As stated, Plaintiff does not address Defendants' arguments for dismissal on the procedural due process claim.  Lenawee and Hall argue that Plaintiff's due process claim fails because Plaintiff "cannot show a protected liberty or any wrongful interference by Defendants."  (ECF No. 5 at Pg ID 108.)  Blissfield and Riley concur that she fails to articulate any recognized property right or liberty interest but also argue that the exclusion amounts to a summary administrative action.  (ECF No. 7 at Pg ID 206-13.)

"To prevail on a procedural due process claim, [plaintiff] must establish that it possessed a constitutionally protected interest, that it was deprived of that interest, and that the state did not afford it adequate procedural rights prior to depriving it of that interest."  *Machisa v. Columbus City Bd. of Educ.*, 563 F. App'x 458, 462 (6th Cir. 2014) (citing *Taylor Acquisitions, L.L.C. v. City of Taylor,* 313 F. App'x. 826, 830 (6th Cir. 2009).  Defendants argue that Plaintiff's

allegation that her procedural due process right was violated is without merit.
Plaintiff does not respond at all to this argument.

"Although it may contravene popular belief, there is no fundamental right to an education upon which a Due Process violation may be brought." *Lewandowski on behalf of T.L.*, 2022 WL 125536, at *3 (citing *Plyler v. Doe*, 457 U.S. 202, 223 (1982)); *see also Vidovic v. Mentor City Sch. Dist.*, 921 F. Supp. 2d 775, 793 (N.D. Ohio 2013) ("Without some legal support for the argument that offering the on-line completion of her schooling as an option violated a protected constitutional right, Plaintiffs' arguments do not create a claim under the due process clause.").

Even if the Court were to find that there was a deprivation of constitutional right requiring a hearing before that deprivation took place, "summary administrative action may be justified in emergency situations." *Libertas Classical Ass'n v. Whitmer*, 498 F. Supp. 3d 961, 976 (W.D. Mich. 2020) (quoting *Hodel v. Virginia Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299, (1981).) "Under the sort of emergency situation presented by COVID-19, courts have found that a pre-deprivation hearing is not required." *Id.*; *see also McArthur*, 2022 WL 2528263, at *12 (holding that "the exigent and constantly changing circumstances of a global pandemic would still justify 'summary administrative action' under the 'emergency situation exception' to due process.").

### D.      Supplemental Jurisdiction

Finally, Defendants argue for dismissal of the remaining state law claims or for the Court to decline to exercise supplemental jurisdiction.  Lenawee and Hall assert that Plaintiff's state law claims should fail.  (ECF No. 5 at Pg ID 112-15.) Blissfield and Riley argue that they are also immune from liability on the state law claims under the COVID-19 Response and Reopening Liability Assurance Act pursuant to Mich. Comp. Laws § 691.1451, et seq.  (ECF No. 7 at Pg ID 218.) Further, they argue that "[t]he Act provides immunity for the District and Superintendent because they complied with the Health Department's valid protocols, which were intended to reduce the spread of COVID-19. Mich. Compl. Laws. § 691.1454(c), § 691.1454(e), § 691.1455." (*Id.*)  Plaintiff does not address the immunity argument.  The Court finds that it does not need to address whether immunity applies either because it is declining to exercise supplemental jurisdiction.

The Court has supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367.  In § 1367, Congress granted district courts the discretion to exercise supplemental jurisdiction if *inter alia* all claims over which there is original jurisdiction have been dismissed.  28 U.S.C. § 1367(c).  District courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims.  *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d

22

1244, 1254 (6th Cir. 1996).  This discretion is circumscribed, however, by considerations of "judicial economy, convenience, fairness, and comity."  *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "After a Rule 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."  *Id.* at 1255 (citations omitted) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing state law claims, or remanding them to state court if the action was removed.").

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims because no scheduling order has been issued, discovery has not begun, and the Court has yet to invest significant time or resources in the litigation besides addressing the subject Rule 12(b)(1) and (6) motion.  Further, Lenawee and Hall contend that the Michigan Attorney General should be granted an opportunity to respond to Plaintiff's arguments challenging the constitutionality of Michigan laws before the Court decides on these issues under Federal Rule of Civil Procedure 5.1.  (ECF No. 8.)  As such, the interest of comity strongly counsels that Plaintiff's state law claims proceed in state court.

## VI.   Conclusion

For the reasons set forth in this decision, Plaintiff's constitutional claims (Counts VII and VIII) are subject to dismissal.  The Court declines to exercise

supplemental jurisdiction over the remaining claims in the Complaint (Counts 1-VI).  For that reason, the Court deems it inappropriate to address Defendants' arguments for dismissal of those claims and is dismissing those claims without prejudice.

Accordingly,

**IT IS ORDERED**, Defendants' motions to dismiss (ECF Nos. 5, 7) are **GRANTED** in that Counts VII and VIII of the Complaint, only, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Counts I-VI are **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendant's motion to strike (ECF No.8) is **DENIED;**

**IT IS FURTHER ORDERED** that Defendants' motion to provide notice pursuant to Federal Rule of Civil Procedure 5.1 (ECF No. 12) is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 6, 2022